215 F.2d 799
 CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES, a
national banking association, Petitioner,
v.
UNITED STATES DISTRICT COURT, Southern District of
California, Central Division, and the Honorable
Peirson M. Hall, Judge of said Court, Respondents.
 No. 14351.
 United States Court of Appeals, Ninth Circuit.
 Sept. 20, 1954.
 
 T. B. Cosgrove, John N. Cramer, Leonard A. Diether, Los Angeles, Cal., for petitioner.
 Thomas S. Bunn, Los Angeles, Cal., for respondents.
 Before DENMAN, Chief Judge, HEALY, Circuit Judge, and HARRISON, District Judge.
 DENMAN, Chief Judge.
 
 
 1
 Petitioner seeks mandamus relief from this court to compel the United States District Court for the Southern District of California, Central Division, and the Honorable Peirson M. Hall, as Judge of such court, to comply with the mandate of this court, providing:
 
 
 2
 'On Consideration Whereof, it is now here ordered and adjudged by this court that the judgment of said District Court in this cause be and hereby is reversed with costs in favor of the appellants and against appellee Londono and that this cause be and hereby is remanded to said district court for further proceedings in accordance with the views expressed in the opinions of this court.
 
 
 3
 'It Is Further Ordered and adjudged that the appellants recover against the appellee Londono for their costs herein expended and have execution therefor.'
 
 A. The court's opinion stated, inter alia:
 
 4
 'Not only does Mr. Londono's complaint fail to allege any act of the Bank which proximately caused any damage to Mr. Londono, but the case was tried and decided below on grounds which make irrelevant any question concerning the bill of lading or any act of the Bank. Mr. Londono's basic contention below and in his same brief here at page 46 is that the court properly found (Tr. 152) that 'at no time was there an acceptance of the wire' by Mr. Londono and 'that he rejected all of it'.
 
 
 5
 'The judgment in favor of Mr. Londono and against the Bank is reversed and the district court ordered to take further proceedings on its present record in accord with the views on that judgment here expressed.' (Emphasis supplied.)
 
 
 6
 The provision of the opinion that the district court is to proceed 'on its present record' became a part of the mandate. United States v. Iriarte, 1 Cir., 166 F.2d 800, certiorari denied 335 U.S. 816, 69 S.Ct. 36, 93 L.Ed. 371. That is to say to proceed upon a complaint which we held to 'fail to allege any act of the Bank which proximately caused any damage to Mr. Londono' and hence obviously to enter a judgment in favor of the Bank.
 
 
 7
 The answer to the petition admits that instead of so proceeding on its then present record, the court has granted a motion of Londono to file an amended complaint. In so doing the court violated the plain provisions of our mandate.
 
 
 8
 B. With respect to our mandate that the petitioning bank recover its costs on appeal and 'have execution therefor,' the answer of Londono admits that the district court granted a motion of Londono to stay the execution and levy thereof. For the reasons stated in our opinion in Citizens National Trust & Savings Bank v. Londono (Dulien Steel Products, Inc. v. Londono), 9 Cir., 204 F.2d 377, the court disobeyed our mandate in so staying the execution and levy.
 
 
 9
 If within ten days herefrom there be filed with the clerk a certified copy of the district court's order setting aside its order granting Londono's motion to file an amended complaint and its order granting his motion to stay the levy of execution of costs and further ordering such execution as prayed for in the petition, the petition will be denied. Otherwise, the petition for a writ of mandamus is ordered granted.